NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREAT MIDWEST INSURANCE COMPANY, Plaintiff, v. SUMMIT SOLAR COMPANY, LLC & YUN LIU, Defendants. | Civil Action No. 24-7986 (RK) (JTQ) **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an unopposed motion for summary judgment filed by Plaintiff Great Midwest Insurance Company ("Plaintiff" or "GMIC"). ("MSJ," ECF No. 32-1.) Plaintiff submitted a statement of material facts in support of its motion. ("SUMF," ECF No. 32-17.) The Court has considered the submissions and resolves the pending motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

I. **BACKGROUND**

Defendants Summit Solar Company, LLC ("Summit") and Yun Liu ("Liu") (collectively, "Defendants") have failed to oppose Plaintiff's motion or file a response to Plaintiff's SUMF. Accordingly, the following facts are taken from Plaintiff's SUMF and deemed "undisputed" for the purpose of deciding the pending motion. *Muhammad v. Sills Cummis & Gross P.C.*, 621 F. App'x 96, 100 (3d Cir. 2015) (per curiam); *see* Fed. R. Civ. P. 56(e)(2); L. Civ. R. 56.1(a).

Summit was a construction company engaged in the business of constructing solar energy

systems. (SUMF ¶ 1.) GMIC and Defendants entered into a "General Agreement of Indemnity" under which GMIC would offer construction surety bonds on behalf of Summit and Defendants would indemnify GMIC for any losses related to the issuance of the bonds. (*Id.* ¶ 2–3; *see also* "Indemnity Agreement," ECF No. 32-3.) Specifically, the Indemnity Agreement provided the following:

> [Summit will] indemnify and hold harmless Surety [GMIC] from and against ANY AND ALL LOSS WHATSOEVER, including but not limited to [any and] all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the rate set forth in Section 3.7 hereof, which Surety may sustain or incur or for which the Surety becomes liable or has reason to believe it may be, or may become liable by reason of or in consequence of the execution and/or delivery by Surety of any Bond(s) on behalf of any Indemnitor . . . .

(SUMF ¶ 3 (quoting Indemnity Agreement § 3).) The Indemnity Agreement further provided that

> 4.2 Surety shall have the right to incur such expenses in handling a claim as it [shall deem[] necessary, including but not limited to, expenses for investigative, accounting, engineering and legal services; and
> . . . .
> 4.4. As to any claim or suit hereunder, an itemized statement of claims or losses paid or liabilities incurred and/or expenses paid or incurred, declared to be true and correct by an employee or agent of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of liability hereunder of Principal and Indemnitors; and
> 4.5. Surety shall have the right to reimbursement of its expenses and attorneys' fees, whether provided by in-house or outside counsel, incurred hereunder, irrespective of whether any Bond loss payment has been made by Surety. In any suit on this Agreement, Surety may recover its further expenses and reasonable attorneys' fees incurred in such suit . . . .

(*Id.* ¶ 4 (quoting Indemnity Agreement §§ 4.2, 4.4–4.5).)

In October 2021, non-parties Newark Solar Holdings, LLC ("Newark Solar") and the Newark Board of Education entered into an agreement pursuant to which Newark Solar would provide solar electricity to Newark public schools. (*Id.* ¶ 5.) Newark Solar then entered into multiple agreements with Summit that required Summit to "design and construct" "solar arrays"

at several schools. (*Id.* ¶¶ 6–7.) Pursuant to the agreements, Summit was required to provide certain payment and performance bonds to Newark Solar.[1] (*Id.* ¶ 8.) GMIC issued those bonds on behalf of Summit. (*Id.* ¶¶ 9–10.)

In February 2023, Newark Solar terminated its agreements with Summit due to, among other things, Summit's failure to timely perform. (*Id.* ¶ 11.) At the same time, Newark Solar demanded that GMIC perform pursuant to the bonds. (*Id.* ¶ 12.) GMIC investigated Newark Solar's claims and entered into a settlement agreement pursuant to which GMIC paid Newark Solar $2,273,000.00. (*Id.* ¶¶ 13–15.)

In April 2023, a subcontractor of Summit, LB Electric, also initiated a claim under the bonds, which was investigated by GMIC. (*Id.* ¶¶ 13, 16–17.) In July 2024, LB Electric filed suit against Summit and GMIC in New Jersey state court (the "State Court Action"). (*Id.* ¶ 18.) In January 2026, LB Electric and GMIC entered into a "Conditional Settlement and Release Agreement" pursuant to which GMIC will pay LB Electric $65,000, $165,000, or $400,000 depending on the state court's ruling on the parties' pending cross-motions for summary judgment.[2] (*Id.* at ¶¶ 19–22.)

In addition, GMIC incurred legal fees in connection with the bonds and enforcement of the Indemnity Agreement of $114,425.50 and consulting and accounting fees in connection with its investigation into the bond claims of $82,668.59. (*Id.* ¶¶ 26–27.) Including the Newark Solar

---

[1] "'[P]erformance' bonds . . . guarantee that the insured will perform the construction contract and 'payment' bonds . . . guarantee that the insured will pay its obligations to subcontractors and suppliers who furnish labor or material for a construction contract." *Gen. Ins. Co. of Am. v. E. Consol. Utils., Inc.*, No, 94-4388, 1995 WL 428685, at *1 (E.D. Pa. July 18, 1995).

[2] GMIC has not notified the Court since filing the instant motion how these cross-motions have resolved in the State Court Action.

settlement agreement discussed above, GMIC incurred a total cost of $2,470,104.09.[3] (*Id.* ¶ 28.)

"Despite demand," Defendants have not indemnified GMIC for these losses. (*Id.* ¶ 29.) GMIC will

also incur an additional loss of $65,000 to $400,000 in connection with the State Court Action and

its settlement agreement with LB Electric. (*Id.* ¶¶ 21, 31.) GMIC has also received an additional

invoice of $6,526.50 for legal fees related to the bond claims.[4] (*Id.* ¶ 32.)

On July 24, 2024, GMIC filed its Complaint against Liu and Summit. (ECF No. 1.) The

Complaint contains, *inter alia*, a claim for contractual indemnification against Liu and Summit.

(*Id.* ¶¶ 27–33.) The parties jointly proposed a schedule to brief dispositive motions, and the

schedule was approved by the Honorable Justin T. Quinn, U.S.M.J. (ECF Nos. 30–31.) Pursuant

to the approved schedule, GMIC served its motion for summary judgment upon Defendants on

April 10, 2026. (ECF Nos. 31, 32-18.) Defendants did not serve any papers in response or request

on extension of time to do so. (ECF No. 31-20 ¶ 5.) GMIC filed its motion for summary judgment

on April 24, 2026, and there has still been no word from Defendants. (MSJ.) Accordingly, the

Court will decide the pending motion for summary judgment as unopposed.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). Put another way, "[s]ummary judgment is

designed . . . to assess whether a genuine issue of material fact exists and whether a trial is

necessary." *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995). A dispute is "genuine" if

---

[3] GMIC claims a total cost of $2,470,104.90. (SUMF ¶ 28.) This eighty-one-cent discrepancy, however, seems to simply be a typographical error resulting from the reversal of the figures in the cents place.

[4] GMIC does not seem to seek to recover this amount at this time. (*See* MSJ at 19 (only requesting the above costs exclusive of this $6,526.50).)

the evidence permits a reasonable jury to return a verdict in favor of the nonmovant, and a fact is "material" if it may affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the party seeking summary judgment carries its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. Where the nonmovant fails to do so, a court treats the facts set forth by the moving party as "undisputed." *Muhammad*, 621 F. App'x at 100; *see* Fed. R. Civ. P. 56(e)(2); L. Civ. R. 56.1(a). However, a moving party is not automatically entitled to summary judgment simply because "the opposing party does not respond." *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (quoting *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). Before granting summary judgment, a court must determine "that judgment for the moving party is appropriate." *Id.* (internal quotation marks omitted).

## III.   <u>DISCUSSION</u>

Plaintiff moves for summary judgment on its contractual indemnification claim. (MSJ at 12, 19; *see also* ECF No. 1 ¶¶ 27–33.) The Indemnity Agreement contains a choice-of-law provision selecting Texas law. (Indemnity Agreement § 16.22 ("This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.").) Curiously, Plaintiff makes no mention of this clause whatsoever and instead acts as if New Jersey law applies. (*See* MSJ 12–14.) Because Defendants did not file anything related to the pending motion, they too did not mention the clause and they did not dispute Plaintiff's application of New Jersey law. Accordingly, the Court will treat the choice-of-law issue as forfeited and apply New Jersey law. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316–17 (3d Cir. 2014) (holding that choice-of-law issues are subject to forfeiture); *N.J. Chinese Cmty. Ctr. v. McAleer*, No. 21-8320, 2025 WL 1564869, at *18

5

n.14 (D.N.J. June 3, 2025) (compiling cases).

Under New Jersey law, an obligation to indemnify can be created by contract. *See Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 510 A.2d 1152, 1159 (N.J. 1986). "Indemnity contracts are interpreted in accordance with the rules governing the construction of contracts generally." *Id.* "Where the obligations of the parties are clear and unambiguously set forth in the indemnity agreement, the court should summarily enforce such indemnification provisions." *Politz Enters., Inc. v. Evanston Ins. Co.*, No. 25-1919, 2026 WL 881655, at *5 (D.N.J. Mar. 31, 2026) (quoting *Andre Constr. Assocs., Inc. v. Catel, Inc.*, 681 A.2d 121, 123 (N.J. Super. Ct. L. Div. 1996)). Moreover, "[a] party is entitled to indemnification only if he or she is without fault and his or her liability is purely constructive, secondary or vicarious." *Id.* (quoting *Fireman's Fund Ins., Co. v. 360 Steel Erectors, Inc.*, No. 16-2782, 2018 WL 1069417, at *4 (D.N.J. Feb. 26, 2018)); *see also Ramos*, 510 A.2d at 1159 ("To be entitled to indemnification as one who is secondarily or vicariously liable, a party must be without fault.").

Here, the Indemnity Agreement is "clear and unambiguous[]" and must be "summarily enforce[d]." *Politz Enters., Inc.*, 2026 WL 881655, at *5 (quoting *Andre Constr. Assoc., Inc.*, 681 A.2d at 123). The Indemnity Agreement provides that Defendants will indemnify GMIC "against ANY AND ALL LOSS WHATSOEVER, including but not limited to any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature" sustained by GMIC due to "the execution and/or delivery by [GMIC] of any bonds." (Indemnity Agreement § 3.) As pertinent here, the Indemnity Agreement also provides that GMIC shall be indemnified for "all fees and costs for investigation[ and] accounting" "in connection with claims . . . relating to . . . a bond." (*Id.* § 3.2; *see also id.* § 4.2 (giving GMIC the right to incur similar expenses).) The Indemnity Agreement also entitles GMIC to recover attorneys' fees in

6

connection with both actions related to the bonds and actions to enforce the Indemnity Agreement, such as the present action. (*See id.* § 4.5 ("In any suit on this Agreement, Surety may recover its . . . reasonable attorneys' fees incurred in such suit . . . ."); *id.* § 4.6 ("Surety shall have at all times the right but not the obligation to retain counsel of its choice to defend itself from any claim, lien, levy, liability, suit or judgment on any Bond . . . . The cost of retaining such counsel shall be included within the Indemnitors' obligation to indemnify, exonerate and hold Surety harmless.").)

These provisions clearly require Defendants to indemnify GMIC for the cost of the settlement agreement with Newark Solar, the legal fees GMIC has incurred in defending against claims under the bonds and litigating this action, and the cost incurred in investigating claims under the bonds. *See also Guarantee Co. of N. Am. USA v. SBN Enters., Inc.*, No. 09-5399, 2011 WL 3205318, at *3 (D.N.J. July 27, 2011) (finding indemnitors liable for "consultants' and attorneys' fees" under the "plain language" of a similar agreement).

The Indemnity Agreement further provides:

> As to any claim or suit hereunder, an itemized statement of claims or losses paid or liabilities incurred and/or expenses paid or incurred, declared to be true and correct by an employee or agent of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of liability hereunder of Principal and Indemnitors . . . .

(Indemnity Agreement § 4.4.) "Courts have previously held that such *prima facie* evidence clauses in indemnity agreements are valid and enforceable, and the Court similarly recognizes the clause in the Indemnity Agreement at issue." *Guarantee Co.*, 2011 WL 3205318, at *3 (citing *Fallon Elec. Co. v. Cincinnati Ins. Co.*, 121 F.3d 125, 129 (3d Cir. 1997)).

Such clauses "shift[] the burden to the non-movant to show that a rational factfinder could determine that liability has not attached." *N. Am. Specialty Ins. Co. v. Arch Concept Constr., Inc.*, No. 21-287, 2022 WL 18024210, at *5 (D.N.J. Dec. 30, 2022) (alteration in original) (quoting

*Centennial Ins. Co v. Horizon Contracting Co.*, No. 05-3917, 2008 WL 4791657, at *9 (D.N.J. Oct. 31, 2008)). "In the context of summary judgment, 'once a surety has submitted the required documentation of payments, the burden under Rule 56 shifts to the principal to prove the existence of a genuine issue of material fact for trial.'" *Allied World Ins. Co. v. Perdomo Indus., LLC*, No. 17-3027, 2018 WL 4623160, at *4 (E.D. Pa. Sept. 25, 2018) (quoting *U.S. Fidelity & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 582 (M.D. Pa. 1998)).

GMIC has requested indemnification in the amount of $2,470,104.09 plus interest. (MSJ at 2, 19; *see supra* note 3.) GMIC has adequately substantiated their indemnification requests of $2,273,000.00 for the settlement with Newark Solar and $82,668.59 for consulting services. (*See* ECF No. 32-9 (settlement agreement between GMIC and Newark Solar for $2,273,000.00); ECF No. 32-10 (check from GMIC to Newark Solar for $2,273,000.00); ECF No. 32-14 (consulting invoices totaling $82,668.59 and checks showing that amount was paid).) However, while GMIC requests indemnification in the amount of $114,435.50 for legal services, the invoices it has provided only add up to a total of $102,751. (*See* ECF No. 32-13.) While GMIC has provided checks and an affidavit indicating that other payments have been made adding up to a total of $114,435.50, out of an abundance of caution, the Court will only award the lower amount of $102,751 at this time. (*See* ECF No. 32-13 (checks demonstrating payment of $104,061.50 for legal services); ECF No. 32-2 ¶ 27 n.1 (affidavit indicating that an additional amount of $10,374 had recently been paid but copies of the checks had not yet been received).) Therefore, GMIC has adequately substantiated its entitlement to $2,458,419.59. Defendants have provided nothing to challenge that amount.[5] Accordingly, the Court **GRANTS** summary judgment in favor of GMIC

---

[5] There is also no indication that GMIC bears any fault, which would defeat an action for indemnification, or that its liability is anything but vicarious. *See Ramos*, 510 A.2d at 1159.

for the amount of $2,458,419.59. *See Hosiery Corp. of Am., Inc. v. Int'l Data Processing, Inc.*, No. 89-115, 1991 WL 30015, at *14 (D.N.J. Feb. 28, 1991) ("[A] court may decide that defendant is liable for a certain amount of damages, although a further amount remains in dispute."). Pursuant to the Indemnity Agreement, this indemnification obligation shall be joint and several between Summit and Liu. (*See* Indemnity Agreement § 16.1 ("The obligations of the Indemnitors hereunder are joint and several.").) GMIC request for an additional $11,684.50 is **DENIED** without prejudice.

GMIC also summarily requests that the Court grant summary judgment in GMIC's favor "for the amount of the loss to be incurred in connection with the State Court Action." (MSJ at 19.) GMIC provides no meaningful argument for the requested relief, so it is forfeited. *See N.J. Dep't of Env't Prot. v. Am. Thermoplastics Corp.,* 974 F.3d 486, 492 n.2 (3d Cir. 2020) ("As this argument was vaguely presented without factual or legal support, it is forfeited for lack of development."). Indeed, although not affirmatively deciding so, the Court is highly skeptical that such relief is available prior to GMIC's payment of those losses. *See Ditzler v. Surgical Care Affiliates, Inc.*, No. A-3151-21, 2023 WL 3144135, at *4 (Super. Ct. App. Div. April 28, 2023) ("The cause of action for indemnity does not technically accrue until payment of the judgment by that defendant." (cleaned up) (quoting *Harley Davidson Motor Co. v. Advance Die Casting, Inc.,* 696 A.2d 666, 671 (N.J. 1997))); *Koninklijke Numico N.V. v. KEB Enters. LP*, No. 02-1529, 2003 WL 1746405, at *3 (D. Del. Mar. 31, 2003) ("[I]ndemnification claims are properly dismissed as a matter of law when the plaintiffs 'seek indemnity for liabilities which they have not yet incurred.'" (quoting *Vista Co. v. Columbia Pictures Indus., Inc.*, 725 F. Supp. 1286, 1291 (S.D.N.Y. 1989)). Accordingly, GMIC's request for future damages related to the State Court Action is **DENIED** without prejudice.

9

GMIC also requests that the Court award it interest on the amounts calculated above. (MSJ at 2, 19.) GMIC is correct that it is owed interest under the Indemnity Agreement. (*See* Indemnity Agreement § 3.) GMIC, however, has provided no interest rate, start date for interest, or proposed calculation of interest. Accordingly, at this time, the Court is unable to calculate the appropriate interest amount, and this request is **DENIED** without prejudice. *See Lankford v. Irby*, No. 04-2636, 2006 WL 2828552, at *8 (D.N.J. Sept. 29, 2006).

Within seven (7) days, GMIC shall advise the Court via letter how it wishes to proceed with respect to the damages related to the State Court Action and the additional $11,684.50 in attorneys' fees. If it wishes to continue to pursue either or both of those amounts, the Court is inclined to defer any calculation of interest until the total principal amount of damages and fees is determined.

## CONCLUSION

For the reasons set forth above, GMIC's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. An appropriate Order accompanies this Memorandum Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2026

11